Which Premises Are Situate on the East Side of Forty-fourth Street, 250 Feet South of Skillman Avenue, Long Island City, New York. ENDEE BUILDING CORPORATION, Appellant; MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Respondent.— Order granting a motion under section 1077-c of the Civil Practice Act, for the turnover of surplus moneys relating to a six months' period of the operation of certain mortgaged property, otherwise subject of foreclosure, reversed on the law, with ten dollars costs and disbursements, and the motion denied. The right to maintain such a proceeding under section 1077-c is predicated on the existence of a right to foreclose the mortgage. The claimed basis for the right so to foreclose in this record relates to five alleged failures to make amortization payments from January 1, 1933, to January 1, 1935, both inclusive, totaling $7,275. The record discloses that the Mortgage Commission's predecessor agreed to waive these payments in connection with a readjustment of the time of payment of interest. That agreement, in so far as it was executed, was binding upon the parties. (McKenzie v. Harrison, 120 N. Y. 260.) The first time it was repudiated was in May or June of 1935. That repudiation could only have effect as of July 1, 1935, and the amortization payment due on that day is not the subject or basis of this application, by reason of the failure of the owner to make that payment. Therefore, with respect to the prior payments, that agreement, which was at will, had become executed and was not unenforcible except in so far as it was executory. There being, therefore, no breach that would entitle the mortgagee to foreclose, no right existed to make an application under section 1077-c for any surplus that may have accrued for the six months' period ending June 30, 1935. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.

In the Matter of the Application of ELIZABETH NELSON and BARBARA V. SCHRAMEK for the Payment of a Part of the Award Made for Damage Parcels Nos. 70 and 164 on the Damage Map in the Final Decree of the Supreme Court as to Damage and Benefit in the Proceedings to Acquire Title, etc., to Baisley Pond Park, Barron Street (Evergreen Place), Foch Boulevard (Boyland Avenue), to One Hundred and Sixteenth (Jacobs) Avenue, etc., Borough of Queens, City of New York. In the Matter of the Application of ANNIE RESSLER for the Payment of a Part of the Award Made for Damage Parcels Nos. 87 and 185 on the Damage Map in the Final Decree of the Supreme Court as to Damage and Benefit in the Proceedings to Acquire Title, etc., to Baisley Pond Park, Barron Street (Evergreen Place), Foch Boulevard (Boyland Avenue), to One Hundred and Sixteenth (Jacobs) Avenue, Borough of Queens, City of New York. LORETTA V. KENNY and ROBERT L. GUMAELIUS, Appellants; GEORGE WARMOLD, RUTH BYLES, JOHN P. LAMERDIN, WILLIAM H. HELLAWELL and CHARLES O. GUMAELIUS, Respondents.— Orders confirming reports of a referee fixing the priority of liens against awards in a condemnation proceeding unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

EDWARD KESTLER, Respondent, v. ARTHUR WEISSENFELS and EDITH WEISSENFELS, Appellants, and NEW ENGLAND HOMES, INC., Defendant.— Action to impress upon certain realty a lien of $3,300, paid by the plaintiff to the seller. The lis pendens and verified complaint in the action were filed on June 24, 1933, at ten-thirty-four A. M. The deed of the defendants who took title to the property from the seller, who was obligated to repay the plaintiff $3,300, was not recorded until ten-fifty-one A. M. on June 24, 1933, seventeen minutes after the lis pendens